# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

STANDARD PARKING CORPORATION, )
a Delaware corporation, )
                Plaintiff, )
)     Case No.: 11 CH 25090
v. )
)
ACE American Insurance Company, )
                Defendant. )

RECEIVED
STATE OF ILLINOIS
JUL 28 2011
DEPT. OF INSURANCE
CHICAGO, ILLINOIS

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Now comes the plaintiff, Standard Parking Corporation, a Delaware corporation, by its attorneys, the Law Offices of Patrick J. McGuire, P.C., and as its complaint for declaratory judgment and other relief against the defendant, ACE American Insurance Company, alleges the following:

### THE PARTIES

1. Standard Parking Corporation (hereinafter "Standard Parking"), is a Delaware corporation engaged in the business of operating parking garages and facilities.

2. ACE American Insurance Company (hereinafter "ACE") is an insurance company organized and existing under the laws of the State of Pennsylvania. The Insurance Company issued to Invsco Group, Limited (hereinafter "Invsco") the commercial general liability policy of insurance attached hereto as Exhibit A ("the Invsco Policy"). To the extent, if any, that Exhibit A is not a true and complete copy of the Insurance Policy, a true and complete copy of the Insurance Policy should be in the possession of ACE.

3. The Invsco Policy covered property and risks located in Chicago, Cook County, Illinois.

## FACTS COMMON TO ALL COUNTS

4. On or about January 1, 2002, Standard Parking entered into a Management Agreement with 800 South Wells Phase 2, L.L.C., the owner of a parking facility located at 800 South Wells Street in Chicago, Illinois (hereinafter the "Management Agreement"). The Management Agreement is attached hereto as Exhibit B.

5. 800 South Wells Phase 2, L.L.C. is a limited liability company owned, in whole or in part, or otherwise legally related to, Invsco Group Limited, Inc.

6. Pursuant to the Management Agreement, Standard Parking was to manage the parking facility, consisting of 244 parking spaces. In December 2003, an amendment to the Management Agreement was executed, extending the term of the Management Agreement to December 31, 2008, with automatic annual renewals. A copy of the First Amendment of Management Agreement is attached hereto as Exhibit C.

7. Pursuant to Section 8(b) of the Management Agreement, 800 South Wells Phase 2, LLC (hereinafter the "Owner"), was to carry and maintain, at its expense, the following insurance coverage:

> (1) Garage liability insurance on an occurrence form basis with limits of not less than $1,000,000 per occurrence with an annual aggregate limit of $2,000,000 per location.
>
> (2) Garage keeper's legal liability insurance (if applicable) insuring any and all automobiles that are parked at the Premises by Operator's attendants or for which a bailment otherwise is created, with limits of liability not less than $1,000,000 per occurrence.
>
> (3) Umbrella liability insurance, in excess following form, with an annual aggregate limit of not less than $15,000,000.

8. Additionally, pursuant to Section 8(c) of the Management Agreement, the foregoing insurance provided by Owner, was to meet the following requirements:

2

(1) Owner's Insurance shall be primary and non-contributory to any insurance carried by [Standard Parking]; and

(2) [Standard Parking], its agents, employees and officers, shall be insureds under Owner's Insurance policies with respect to liability arising out of (A) the acts or omissions of Owner or (B) the acts or omissions of Operator or any of its agents, employees or officers, but only in connection with the occupying, managing and/or operating of the Facility by [Standard Parking], its agents, employees or officers.

9. For the period of at least August 1, 2009 through August 1, 2010, the Invsco Policy was in effect.

10. Endorsement LD 21730 to the Invsco Policy provides in pertinent part:

The following is added to Section II.2 – Who Is An Insured:
e. Any person or organization that you are required to include as an additional insured under this policy because of a written contract that:
  1) Is in effect during this policy period; and
  2) Was executed prior to the "occurrence" of the "bodily injury" or "property damage"; and
  3) Qualifies as an "insured contract" as defined in this policy.

11. An "insured contract" is defined in relevant part as:

That part of any other contract or agreement pertaining to your business ... under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

See Section V.9.f. of the Invsco Policy.

12. Pursuant to Endorsement LD 21730 to the Invsco Policy, Standard Parking was at all pertinent times, an insured under the Invsco Policy.

13. On or about September 15, 2009, a lawsuit was filed in the Circuit Court of Cook County, titled: *Sheldon Reynolds v. Standard Parking Corporation and River City Condominium Association*, Case No. 09 L 10837 (hereinafter, the "Underlying Lawsuit"). A copy of the complaint filed in the Underlying Lawsuit is attached hereto as Exhibit D.

3

14. The Underlying Lawsuit alleges that, the plaintiff was injured and his vehicle was damaged while exiting the parking facility located at 800 South Wells Street, Chicago, Illinois in his vehicle. The Underlying Lawsuit alleges that Standard Parking was guilty of negligence. (See Exhibit D).

15. The allegations of the Underlying Lawsuit fall within the coverage provided by the Invsco Policy.

16. Standard Parking subsequently tendered the Underlying Lawsuit to ACE, requesting that ACE defend and indemnify it under the Invsco Policy.

17. On November 5, 2009, ACE agreed that Standard Parking was an additional insured under the Invsco Policy.

18. On November 19, 2009, ACE purported to change its position and issued a letter to Standard Parking declining to defend Standard Parking under the Invsco Policy, stating as follows:

> After further review of the management agreement between our insured and Standard Parking Corporation, please be advised that Standard Parking Corporation does not qualify as an additional insured under the ACE American policy. The management agreement specifically requires Invsco to name Standard Parking as an additional insured on a Garage Operations/ Garagekeepers liability insurance policy. ACE American Insurance Company issued a policy of Commercial General Liability insurance to Invsco Group, Limited, not a Garage Liability policy. Furthermore, the management agreement does not require that Invsco name Standard Parking as an additional insured on a commercial general liability policy.

See November 19, 2009 ACE letter attached hereto as Exhibit E.

19. At all relevant times, Standard Parking was also an insured under a commercial liability insurance policy issued by ACE (hereinafter the "Standard Parking Policy"). Standard Parking tendered its defense of the Underlying Lawsuit to ACE and ACE accepted Standard Parking's tender under the Standard Parking Policy.

4

20. Pursuant to the terms of the Standard Parking Policy, Standard Parking is obligated to pay a substantial deductible for claims such as the Underlying Lawsuit. Standard Parking would not have been obligated to pay a deductible had ACE accepted the tender of the Underlying Lawsuit under the Invsco Policy.

21. Standard Parking has incurred, and will continue to incur, damages as a result of ACE's failure to defend Standard Parking under the Invsco Policy.

### Count I
### (Breach of Contract)

22. Standard Parking incorporates paragraphs 1 through 21 as and for paragraph 22 as though fully set forth herein.

23. ACE issued the policy of insurance attached hereto as Exhibit A.

24. Standard Parking complied with all conditions precedent required of it under the Invsco Policy.

25. The Underlying Lawsuit seeks damages that are covered under the Invsco Policy.

26. The Underlying Lawsuit constituted a covered claim pursuant to the terms of the Invsco policy because it involved a claim of physical damage or bodily harm that occurred during the policy period and at an insured location.

27. Standard Parking was an additional insured under the Invsco Policy.

28. ACE breached the contract of insurance by failing to pay for Standard Parking's defense against the Underlying Lawsuit under the Invsco Policy.

29. Standard Parking has suffered damages as a direct and proximate result of ACE's breach of the Invsco Policy, including, but not limited to, incurring the cost of the deductible under the Standard Parking Policy.

WHEREFORE, plaintiff, Standard Parking Corporation, prays for entry of an order granting judgment in its favor and against defendant, ACE American Insurance Company, and awarding it the following relief:

a) Compensatory damages in an amount to be determined at trial;

b) Prejudgment interest; and,

c) Such other and further relief that the court deems equitable and just.

## Count II
### (Declaratory Judgment)

30. Standard Parking incorporates paragraphs 1 through 29 as and for paragraph 30 as though fully set forth herein.

31. The Underlying Lawsuit alleges damages that are covered under the Invsco Policy.

32. At all relevant times, Standard Parking qualified as an additional insured under the terms of the Invsco Policy.

33. In or about November 2009, ACE's duty to defend Standard Parking against the Underlying Lawsuit pursuant to the terms of the Invsco Policy was triggered.

34. ACE has failed and refused to provide Standard Parking with a defense and has otherwise denied coverage for Standard Parking under the Invsco Policy.

35. It is Standard Parking's position that ACE's failure and refusal to defend and indemnify it against the allegations of the Underlying Lawsuit is, and will continue to be, wrongful.

36. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of section 5/2-701 of the Illinois Code of Civil Procedure (735 ILCS §5/2-

701), this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

WHEREFORE, the plaintiff, Standard Parking Corporation prays that the court enter judgment finding and declaring the rights of the parties as follows:

a) Declaring that Standard Parking was an additional insured under the Invsco Policy for purposes of the Underlying Lawsuit;

b) Declaring that the Management Agreement was and is an insured contract under the terms of the Invsco Policy;

c) Declaring that ACE breached its duty to defend Standard Parking against the allegations of the Underlying Lawsuit under the terms of the Invsco Policy;

d) Declaring that ACE has a duty to reimburse Standard Parking for any monies paid or costs incurred in relation to the Underlying Lawsuit, including deductibles, attorney's fees, court costs, and costs of any settlement or verdict against Standard Parking; and

e) Granting such other and further relief as the court deems equitable and just.

### Count III
### (Bad Faith)

37. Standard Parking incorporates paragraphs 1 through 36 as and for paragraph 37 as though fully set forth herein.

38. Section 155 of the Illinois Insurance Code (215 ILCS 5/155) provides, in pertinent part, as follows:

> Sec. 155. Attorney fees. (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

(a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

(b) $ 60,000; and

(c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

39. The damages sought in the Underlying Lawsuit fall squarely within the coverage provided by the Invsco Policy.

40. Upon information and belief, ACE has accepted coverage under the Invsco Policy for other defendants named in the Underlying Lawsuit.

41. Upon information and belief, ACE is paying pursuant to the terms of the Invsco Policy the defense costs incurred by other defendants named in the Underlying Lawsuit.

42. ACE's position that claims against other defendants named in the Underlying Lawsuit are covered under the Invsco Policy but that the claims asserted against Standard Parking in the Underlying Lawsuit are not covered is unreasonable and vexatious.

43. ACE's position that Standard Parking did not qualify as an additional insured under the Invsco Policy is unreasonable and vexatious.

44. ACE's position that no coverage is available to Standard Parking for the claims asserted in the Underlying Lawsuit because the owner of the parking facility purchased a commercial general liability policy that covered the claims rather than a policy of insurance bearing a different title is unreasonable and vexatious.

45. ACE's position that coverage is not available to Standard Parking for the Underlying Lawsuit even though the Management Agreement qualifies as an insured contract under the terms of the Invsco Policy is unreasonable and vexatious.

8

46. ACE's actions and delay as herein set forth constitute a violation of §155 of the Insurance Code.

WHEREFORE, plaintiff, Standard Parking Corporation, prays for entry of an order granting judgment in its favor and against defendant, ACE American Insurance Company, and awarding it the following relief:

    a)     Statutory penalties of up to $60,000;

    b)     Attorneys' fees and costs; and,

    c)     Such other and further relief that this Court deems equitable and just.

Respectfully submitted,

STANDARD PARKING CORPORATION

By: _____
One of its Attorneys

Patrick J. McGuire
LAW OFFICES OF PATRICK J. McGUIRE, P.C.
203 N. LaSalle St., Suite 1620
Chicago, Illinois 60601
Tel.: (312) 541-0500
Atty. No.: 35708
*Attorney for Plaintiff*

9