# EXHIBIT B

State of Illinois          )
                           )
County of Cook             )

In the Circuit Court of Cook County, Illinois
County Department, Law Division

SHELDON REYNOLDS

Plaintiff

v.

STANDARD PARKING CORPORATION
And RIVER CITY CONDOMINIUM
ASSOCIATION

Defendant

2009L010837
CALENDAR/ROOM B
TIME 00:00
PI Motor Vehicle

FILED-11
2009 SEP 15 AM 8:39
DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

NOW come the Plaintiffs, SHELDON REYNOLDS and complains of the Defendants,

STANDARD PARKING CORPORATION and RIVER CITY CONDOMINIUM

ASSOCIATION and states as follows:

## COUNT I

### Plaintiff v. RIVER CITY

1. That on or about September 7, 2009, the Plaintiffs lived at 800 S. Wells, Chicago,

   Illinois and were residents of Cook County.

2. That on or about the above date, the Defendant STANDARD PARKING

   CORPORATION [STANDARD PARKING] was an Illinois Corporation doing

   business in Cook County.

3. That on or about the above date, the Defendant, RIVER CITY CONDOMINIUM

   ASSOCIATION, [RIVER CITY] was an Illinois Corporation which by or through

1

its duly authorized agents, servants or employees, owned, managed, controlled, and operated, the common areas of a building located at 800 S. Wells, Chicago, IL. 60607 [the Premises].

4.  That on or about the above date, the Defendant, STANDARD PARKING, by or through its agents, owned, managed, leased and operated the parking lot business for RIVER CITY.

5.  That STANDARD PARKING was an agent for RIVER CITY, who was the principal.

6.  That on or about the above date, the Plaintiff, SHELDON REYNOLDS, was lawfully upon the premises attempting to exit the STANDARD PARKING, parking lot at the premises.

7.  That at said time and place, the Defendants, by their duly authorized agents, servants and/or employees directed drivers, including, Plaintiff, SHELDON REYNOLDS, to exit the parking lot at the South side of the premises.

8.  That two collapsible, double post Bollards were located on the south side of the premises where Plaintiff was directed to exit from the parking lot.

9.  That at the above time and place, one of the above Bollards was missing its two posts, although the base was still bolted into the ground. The other Bollard had double posts, which were in the down position.

10. That at the above time and place as Plaintiff was passing over the bollard base which did not have posts attached, the frame or underbody portion of Plaintiff's vehicle struck the base of the bollard, causing Plaintiff's vehicle to come to a

2

violent abrupt stop, causing Plaintiff's head to snap forwards and backwards causing the fracture of plaintiff's neck.

11. That it then and there was the duty of the Defendant, RIVER CITY CONDOMINIUM ASSOCIATION, by its duly authorized agents, servants and/or employees, to exercise reasonable care to make certain that the premises at the place aforesaid was in a reasonably safe condition for those persons lawfully upon the premises, including the Plaintiff, SHELDON REYNOLDS.

12. The Defendant, RIVER CITY, by their duly authorized agents, servants and/or employees, was guilty of one or more of the following careless and negligent acts:

    a. Carelessly and negligently installed the bollards;

    b. Failed to read and or follow the manufacturer's instructions;

    c. Failed to read and or follow the manufacturer's specifications;

    d. Placed or allowed the wrong type of bollard (collapsible rather than removable bollards) in the area where the accident occurred;

    e. Allowed parking lot traffic to exit over bollards that were not designed for the exit area of a parking lot, as the bollard sticks up higher than the bottoms of many cars;

    f. Failed to maintain the bollard(s);

    g. Failed to mark the pavement with suggested warning markings;

    h. Failed to apply the decals to the bollards that are provided with the product, and in the manner recommended by the manufacturer, including stickers which state warn of the clearance to base.

    i. Otherwise failed to warn;

3

    j.   Improperly placed the bollards at the beginning of an incline, thus raising

the height of the base in relation to the bottom of a car, making it more

likely that a car would bottom out as it is exiting. ;

    k.   Improperly directed traffic through an area which was not safe;

13. That as a direct and proximate result of the aforesaid, the Plaintiff, SHELDON

REYNOLDS, suffered divers injuries, both internally and externally, of a permanent

and lasting nature which have caused and will continue to cause pain in body and

mind, including a broken neck and other neck injuries; and the Plaintiffs were

caused to expend and in the future will be compelled to expend, large sums of

money in endeavoring to be cured of said injuries; and the Plaintiff, SHELDON

REYNOLDS, was caused to and did lose much time from his employment, thereby

incurring losses of large sums of money; and the Plaintiff has been and in the future

will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, SHELDON REYNOLDS, prays for judgment against the

Defendants, jointly and severally, for a sum in excess of FIFTY THOUSAND DOLLARS

($50,000).

## COUNT II

### Plaintiff v. STANDARD PARKING

14. Plaintiff repeats and realleges the allegations of Count I in this paragraph 14, as if

fully realleged herein.

15. That it then and there was the duty of the Defendant, STANDARD PARKING, by

its duly authorized agents, servants and/or employees, to exercise reasonable care

to make certain that the premises located at the exit of the parking lot was in a

reasonably safe condition for those persons lawfully upon the premises, including the Plaintiff, SHELDON REYNOLDS.

16. The Defendant, STANDARD PARKING, by their duly authorized agents, servants and/or employees, was guilty of one or more of the following careless and negligent acts:

    a.  Carelessly and negligently installed the bollards or allowed them to be on their premises;

    b.  Failed to read and or follow the manufacturer's instructions;

    c.  Failed to read and or follow the manufacturer's specifications;

    d.  Placed or allowed the wrong type of bollard (collapsible rather than removable bollards) in the area where the accident occurred;

    e.  Allowed parking lot traffic to exit over bollards that were not designed for the exit area of a parking lot, as the bollard sticks up higher than the bottoms of many cars;

    f.  Failed to maintain the bollard(s);

    g.  Failed to mark the pavement with suggested warning markings;

    h.  Failed to apply the decals to the bollards that are provided with the product, and in the manner recommended by the manufacturer, including stickers which state warn of the clearance to base.

    i.  Otherwise failed to warn;

    j.  Improperly placed the bollards at the beginning of an incline, thus raising the height of the base in relation to the bottom of a car, making it more likely that a car would bottom out as it is exiting. ;

k.  Improperly directed traffic through an area which was not safe;

17. That as a direct and proximate result of the aforesaid, the Plaintiff, SHELDON

REYNOLDS, suffered divers injuries, both internally and externally, of a permanent

and lasting nature which have caused and will continue to cause pain in body and

mind, including a broken neck and other neck injuries; and the Plaintiffs were

caused to expend and in the future will be compelled to expend, large sums of

money in endeavoring to be cured of said injuries; and the Plaintiff, SHELDON

REYNOLDS, was caused to and did lose much time from his employment, thereby

incurring losses of large sums of money; and the Plaintiff has been and in the future

will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, SHELDON REYNOLDS, prays for judgment against the

Defendants, jointly and severally, for a sum in excess of FIFTY THOUSAND DOLLARS

($50,000).

Respectfully submitted,

Peter K. Berg, Attorney for Plaintiff

Peter K. Berg
Attorneys for Plaintiff, Sheldon Reynolds
Berg & Berg
2100 W. 35th Street
Chicago, IL. 60609
773-252-7220
Fax: 773-252-7221
Peter@bergandberg.net
#22980

6